IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| MMOJA AJABU,  )<br>Plaintiff,  )<br>  )<br>v.  )<br>  )<br>ST. JAMES UNITED METHODIST  )<br>CHURCH,  )<br>Defendant.  )<br>  ) | CIVIL ACTION NO.:<br><br>**3:06-cv-00009 (CAR)** |

**ORDER ON DEFENDANT'S MOTION TO DISMISS**

Before the Court is Defendant's Amended Motion to Dismiss [Doc 13]. Plaintiff Ajabu filed his *pro se* complaint bringing claims for race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"). Defendant St. James United Methodist Church moves this Court to dismiss Plaintiff's employment discrimination complaint for failure to state a claim upon which relief may be granted. Plaintiff has a filed a Response in opposition to the motion [Doc 18]. For the reasons stated below, Defendant's Motion to Dismiss [Doc 13] is **GRANTED**.

**BACKGROUND**

According to the complaint, Plaintiff Mmoja Ajabu, a black male, was employed by Defendant St. James United Methodist Church ("St. James") as the Pastor at The Light, a predominantly black church owned by St. James, and as an Associate Pastor at St. James, a predominantly white church. When hiring Ajabu, St. James knew that he was not ordained within the United Methodist Church and, in fact, was associated with the Disciples of Christ, a Christian Protestant denomination with theologies that differ from the United Methodist Church. Ajabu filed this action *pro se* alleging that St. James terminated his employment as Pastor of The

Light and as Associate Pastor of St. James because of his race.  Ajabu claims that St. James's proffered reason of "doctrinal differences" is a pretext for racial discrimination because St. James knew the differences when hiring him.  Ajabu also alleges a hostile work environment claim under Title VII.

St. James argues that Ajabu's claims against the church are barred by the "ministerial exception" which precludes the application of Title VII to employment relationships between pastor and church.  Based on the "ministerial exception," St. James argues that Ajabu has failed to state a claim upon which relief may be granted, rendering his complaint subject to dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## MOTION TO DISMISS STANDARD

A party moving for dismissal under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief may be granted carries the burden of proving that no claim has been stated. "[A] district court may only grant a Rule 12(b)(6) motion to dismiss where it is demonstrated beyond  doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Day v. Taylor, 400 F.3d 1272, 1275 (11th Cir. 2005) (citation and internal quotation omitted).  In deciding a Rule 12(b)(6) motion, the Court may consider only those facts alleged in the pleadings and their exhibits.  The Court accepts the facts alleged by Plaintiff to be true, drawing all reasonable inferences in Plaintiff's favor.  Pyles v. United Air Lines, Inc., 79 F.3d 1046, 1049 (11th Cir. 1996).  "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim.  Indeed, it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.  Moreover, it is well established that, in passing on a motion to dismiss . . . the allegations of the

complaint should be construed favorably to the pleader." Taylor v. Ledbetter, 818 F.2d 791, 794, n. 4 (11th Cir. 1987).

## DISCUSSION

St. James contends that Ajabu's claims are barred by the "ministerial exception." The ministerial exception derives from the Free Exercise and Establishment Clauses of the First Amendment and is intended to protect the relationship between a religious organization and its clergy. See McClure v. Salvation Army, 460 F.2d 553, 560 (5th Cir. 1972); Gellington v. Christian Methodist Episcopal Church, 203 F.3d 1299, 1301 (11th Cir. 2000). It insulates a religious organization's employment decisions regarding its ministers from judicial scrutiny under Title VII. Id. The ministerial exception "continues a long-standing tradition that churches are to be free from government interference in matters of church governance and administration." Gellington, F.3d at 1304 (citations omitted). The Eleventh Circuit has stated,

> [A]pplying Title VII to the employment relationship between a church and its clergy would involve 'excessive government entanglement with religion' as prohibited by the Establishment Clause of the First Amendment. Investigation by a government entity into a church's employment of its clergy would almost always entail excessive government entanglement into the internal management of the church. A church's view on whether an individual is suited for a particular clergy position cannot be replaced by the courts' without entangling the government 'in questions of religious doctrine, polity, and practice. The Establishment Clause thus also mandates that churches retain exclusive control over strictly ecclesiastical matters.

Id.

Ajabu's employment discrimination claims fall squarely within the types of claims the ministerial exception protects and from which this Court is prohibited from interfering. Ajabu alleges that he was terminated as Pastor of The Light and as Associate Pastor of St. James

because of his race.  The determination of this claim necessarily requires inquiry into the reasons underlying St. James' actions, which, in turn, would involve the examination into not only the employment relationship of a church and its clergy but also on religious doctrine and practice–indeed, St. James's proffered reason for Ajabu's termination was "doctrinal differences."   Such an inquiry would clearly amount to governmental interference and entanglement into the internal management of the church.  Ajabu's claims are therefore barred by the ministerial exception.

For the reasons stated above, Defendant's Motion to Dismiss [Doc 13] is **GRANTED**.  This case should be dismissed with prejudice.

**SO ORDERED**, this 8th day of August, 2006.

S/ C. Ashley Royal
Hon. C. Ashley Royal, Judge
United States District Court

SSH/aeg